# LEE LITIGATION GROUP, PLLC
30 EAST 39TH STREET, SECOND FLOOR
NEW YORK, NY 10016
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

WRITER'S DIRECT:   212-465-1188
                   cklee@leelitigation.com

September 2, 2016

**VIA ECF**
The Peggy Kuo, U.S.M.J
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:   *Lopez, et al. v. 41-06 Bell Blvd. Bakery, LLC d/b/a Martha's Country Bakery, et al.*
            Case No. 15-cv-6953

Dear Judge Kuo:

     We are counsel to Plaintiff and write jointly with counsel to Defendants. Per Your Honor's Order dated August 26, 2016 (ECF Dkt. No. 13), we write to inform the Court that the parties have agreed to accept Your Honor's changes to the settlement agreement, and wish the Court to proceed with its review based on the revised agreement.

     Furthermore, pursuant to Your Honor's directive at the fairness hearing that defense counsel identify other cases in which the court has either (a) permitted the settlement agreement, itself, to remain under seal, or (b) not file the agreement on the public docket and instead permit counsel for the parties to read the terms of the agreement into the record at an in-person fairness hearing,[1] the parties respectfully direct this court's attention to: ECF Order on Doc. No. 20 in *Camilleri v . P.C., Advantage Inc., et al.*, 15-CV-4410 (SJF)(SIL) (E.D.N.Y. Jan. 13, 2016) (Ex. A), wherein the court granted defense counsel request to file the FLSA settlement agreement and attorney affidavit under seal, and then subsequently dismissed the case while permitting the settlement to remain under seal (*i.e.,* the first option),[2] and ECF Doc. No. 59 in *Jalbert-Ramos v. Ploutarxos, Inc., et al.*, 15-CV-05285 (MDG) (May 13, 2016) (Ex. B), wherein the court issued an order dismissing the case and finding the agreement fair and reasonable after counsel for the parties read the terms of the agreement into the record at an in-person fairness hearing, but did not publish the agreement itself on the public docket (*i.e.,* the second option). Notably, defense counsel in this matter represented the defendants in both of these cases, and both of the above-referenced ECF Orders were issued after the 2nd Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Additional cases decided prior

---

[1]     The latter option would obviate any concern about formally rendering the agreement confidential (as there would be a transcript of the proceeding), while simultaneously refraining from, in effect, broadcasting the settlement by publishing the agreement, itself, on the publically-accessible docket. That being said, if given a preference, the parties respectfully request that the court simply permit the parties to file the agreement under seal.

[2]     As defense counsel indicated at the fairness hearing, there is no publically-accessible order approving the settlement in *Camilleri* as that order was also filed under seal, which is why there are no further publically-accessible docket entries listed on pacer following defense counsel's motion for approval of the settlement in that case.

to Cheeks, which have granted the parties request to maintain confidentiality in the context of FLSA settlements are set forth in footnote 1 in defense counsel's June 23, 2016 letter motion for court approval of the settlement agreement in this case (ECF Doc. No. 10).

      We thank Your Honor for considering this matter.

Respectfully submitted,

   */s/ C.K. Lee*
C.K. Lee, Esq.