# LEE LITIGATION GROUP, PLLC
30 EAST 39TH STREET, SECOND FLOOR
NEW YORK, NY 10016
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

WRITER'S DIRECT:   212-465-1188
cklee@leelitigation.com

November 8, 2016

**VIA ECF**
The Peggy Kuo, U.S.M.J
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re: *Lopez, et al. v. 41-06 Bell Blvd. Bakery, LLC d/b/a Martha's Country Bakery, et al.*
       Case No. 15-cv-6953

Dear Judge Kuo:

  We are counsel to Plaintiff and write jointly with counsel to Defendants.

  Per Your Honor's Order dated November 04, 2016, attached please find the parties' executed Settlement Agreement.

  We thank Your Honor for considering this matter.


Respectfully submitted,

 /s/ C.K. Lee
C.K. Lee, Esq.

## RELEASE AND SETTLEMENT AGREEMENT

AGREEMENT made as of the last date in the signature blocks, between plaintiff Fidel Sanchez Lopez ("Plaintiff" or "Lopez"), and defendant 41-06 Bell Blvd. Bakery, LLC, d/b/a Martha's Country Bakery ("Martha's Bakery"), on behalf of defendants Martha's Bakery, 70-30 Austin Street Bakery, Inc., d/b/a Martha's Country Bakery, G.V.S. Bakery, Inc., d/b/a Martha's Country Bakery, George Stertsios, Antonio Zannikos and George Doulias (collectively, "Defendants"). The Plaintiff and Defendants shall be collectively referred to herein as the "Parties."

### WITNESSETH:

WHEREAS, on or about December 7, 2015, Plaintiff filed a putative collective and class action lawsuit against Defendants in the United States District Court for the Eastern District of New York entitled Lopez v. 41-06 Bell Blvd. Bakery, LLC, d/b/a Martha's Country Bakery, et al., Civil Action No. 15-CV-6953 (collectively, the "Action"); and

WHEREAS, Defendants have denied and continue to deny all of the allegations made against them in the Action, and further deny that they engaged in any other wrongful conduct against Plaintiff; and

WHEREAS, the Parties wish to avoid the burdens and expense of protracted litigation; and

WHEREAS, the Parties acknowledge that bona fide disputes and controversies exist between them, both as to liability and the amount thereof, if any, and by reason of such disputes and controversies they desire to compromise and have agreed to settle fully, finally ████████████████████████████████████████, disputes or potential disputes which existed or may exist, including ████████████ those relating to the subject matter of the Action, and those arising out of or related directly or indirectly to the allegations contained in the Action, pursuant to the terms and conditions of this Agreement;

NOW, THEREFORE, in consideration of the mutual covenants and undertakings set forth herein, Plaintiff and Defendants agree as follows:

The foregoing "whereas" clauses are true and correct and incorporated by reference as part of this Agreement.

1. **Settlement Pay.**

    a. Martha's Bakery, on behalf of Defendants, agrees to pay to Plaintiff a total sum of Forty Thousand dollars and No cents ($40,000.00), made payable to "Lee Litigation Group, P.L.L.C.," as counsel for Plaintiff, within 14 days of the execution of the Agreement by all Parties.

    b. Martha's Bakery shall issue an IRS Form 1099 to the law firm of "Lee Litigation Group, PLLC," for the settlement payment set forth in Article 1(a) of this Agreement upon receipt of a fully-executed W-9 form from Lee Litigation Group, PLLC, which shall be provided to Martha's

Bakery as a pre-condition to the issuance of this check. The Parties understand and agree that the Defendants shall in no way be responsible or otherwise assume responsibility for the division and/or disbursement of settlement proceeds by and/or between the law firm of Lee Litigation Group, PLLC and the Plaintiff, and that such responsibility lies exclusively with the law firm of Lee Litigation Group, PLLC and/or Plaintiff.

c. Plaintiff acknowledges and agrees that the Defendants make no representations regarding the federal or state tax consequences of the payment referred to in Article 1 of this Agreement, and shall not be responsible for any tax liability, interest or penalty incurred by Plaintiff or his counsel, which in any way arises out of or is related to this payment. Plaintiff agrees to pay any amount that may be determined to be due and owing as taxes, interest and penalties arising out of the payment referred to in Article 1 should it be determined that all or part of such payments constitute gross income to Plaintiff, within the meaning of the Internal Revenue Code of 1986, as amended, or under any other federal, state or local statute or ordinance. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓



d. The parties shall promptly notify each other of any claim by the IRS or any other governmental authority arising under Section 1(c) of this Agreement.

e. The parties agree that the payment and the obligations set forth in Section 1 of this Agreement shall constitute full and final settlement of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, all possible claims or issues relative to the allegations in the Action as between the Parties, will be forever settled in their entirety. ⟵ which

2. **Confidentiality** ▓▓▓▓▓▓▓▓

▓▓ Subject to any Court order holding otherwise, the Parties agree that all discussions and settlement negotiations leading thereto, and all documents exchanged in connection with this Agreement, shall be deemed confidential and shall be retained in confidence by the Parties. The Parties agree that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ all discussions and settlement negotiations leading ▓▓▓▓▓▓, and all documents exchanged in connection with this Agreement, including any of Plaintiff's personal and tax information (the "Confidential Information"), shall be deemed confidential and shall be retained in confidence by the Parties. Notwithstanding this paragraph, any Party (i) if compelled by subpoena, court order, or required by law to disclose the Confidential Information, or (ii) in connection with the enforcement of this Agreement, may disclose such Confidential Information; provided, however, that such disclosure be limited to that minimum portion of the Confidential Information that is necessary to comply with (i) or (ii) above. The Parties may also disclose the Confidential Information to their financial and tax advisors, their legal counsel, their family members, and interpreters used by the Parties' attorneys, provided that the Parties inform those to whom

(margin annotation: "to this Agreement")

they disclose Confidential Information of the confidentiality obligations under this Agreement. Further, the Parties understand and agree that, if any individual to whom such disclosure is made makes unauthorized disclosures (other than pursuant to prong (i) or (ii) of this paragraph), the disclosing Party may be held liable under this paragraph for those disclosures as if that Party engaged in the disclosures personally.



3. **General Release.**

    a. As a material inducement to Defendants to enter into this Agreement, Plaintiff, on behalf of himself, his heirs, successors, representatives, assigns, attorneys, agents, executors and administrators ("Releasors"), hereby irrevocably and unconditionally releases, acquits, and forever discharges Defendants, their present, past and future owners, affiliates, related business entities, parent companies, subsidiaries, predecessors, successors, assigns, divisions, directors, officers, trustees, members, employees, stockholders, representatives, insurers, attorneys, in their individual and representative capacities, and all persons acting by, through, under, or in concert with any of these (hereinafter collectively referred to as "Releasees"), from any and all charges, complaints, claims, liabilities, obligations, suits, demands, costs, losses, debts and expenses, including, ████████████ all claims for penalties, general damages, punitive damages, compensatory damages, special damages, equitable relief, attorneys' fees and costs actually incurred, ████████████████████ or ████████████████████ that Plaintiff had, now has, ████████████████████ arising out of or relating to ███ matter up to the date of the execution of this Agreement, ████████████ ████████ including, ████████████ any and all claims asserted in or related to the Action or Plaintiff's employment with Martha's Bakery (or with any other Releasee) and the cessation thereof, excluding any claims to enforce his rights under this Agreement.

    b. Without limiting ████████████ the foregoing, this Agreement is intended to and shall release Releasees from any and all claims, whether known or unknown, which Releasors ever had, now have, or may have against Releasees ████████████████████████████████ ████████████████████████████████████████████████████ under: ████ ████████████████████████████████████████████████████ ████████████████████████████████████████████ the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; ████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████



and ; the New York Workers' Compensation Law, N.Y. Workers' Compensation Law § 1 et seq.; the New York Wage Hospitality Order, the New York Wage Theft Prevention Act

c. Plaintiff shall withdraw without prejudice all claims asserted against Defendants in the Action, and shall sign a Stipulation of Dismissal to that effect, which Stipulation shall be held in escrow until this Agreement is fully-executed by the Parties and payment of the settlement amount set forth in Article 1(a) of this Agreement has been made. In addition, no later than five (5) days from the date on which all parties have executed this Agreement, Plaintiff shall execute the affidavit annexed hereto as "Exhibit A.".

d. Nothing herein shall be deemed a waiver of: (i) claims for breach of this Agreement; or (ii) claims that may arise based on events occurring after Plaintiff signs this Agreement.

e. Plaintiff acknowledges that he may discover facts or law different from, or in addition to, the facts or law he knows or believes to exist with respect to a released claim. He agrees, nonetheless, that this Agreement and the releases contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law.

f. This Agreement is in part a compromise of a bona fide dispute regarding Plaintiff's allegation that he is owed unpaid compensation under the Fair Labor Standards Act and New York Labor Law. Plaintiff acknowledges and agrees that a portion of the payment to him hereunder fully compensates him for any and all unpaid amounts for overtime and any other damages, including liquidated damages, he claims to be owed to him by Defendants.

g. If any legal proceeding, whether an individual or class action, is instituted in court or a state or federal administrative agency, including any proceeding conducted by the EEOC (collectively referred to herein as "Proceeding") against Defendants, Plaintiff waives all relief available to him (including, without limitation, monetary damages, equitable relief and reinstatement) under any of the claims and/or causes of action waived in Section 3. Therefore, Plaintiff agrees that he will not accept any award or settlement from any source or Proceeding asserted against Defendant (including but not limited to any proceeding brought by any other person or by any government agency) with respect to any claim or right waived in this Agreement. If any such Proceeding is currently in process, Plaintiff agrees that he will, to the extent of his ability, seek to have it closed with prejudice. Plaintiff understands and agrees that this Agreement does not limit his right to file or participate in an

investigative Proceeding conducted by the EEOC, subject to the waiver of all individual relief in connection with such Proceeding set forth in this Paragraph.

    h.  Plaintiff further agrees that neither he nor any person acting by, through, under, or in concert with him will initiate, encourage, assist or participate in any Proceeding brought against Defendants, including but not limited to providing any information to a person bringing a Proceeding against Releasees or to any third-party on behalf of that person, unless lawfully subpoenaed or otherwise ordered to do so by a court or administrative agency in connection with any investigation it is conducting or as otherwise required by applicable law. Should Plaintiff and/or any person acting by, through, under, or in concert with him be subpoenaed or subjected by court order to attend or testify, she shall notify Defendants within seventy-two (72) hours (unless compliance with the subpoena or court order is demanded in less than seventy-two (72) hours, in which case notification shall occur within twenty-four (24) hours) by sending a copy of the subpoena or court order to the attention of Vincent M. Avery, Esq., Gordon & Rees LLP, One Battery Park Plaza, 28th Fl., New York, NY 10004, via Federal Express or UPS next day delivery, marked "Confidential and Time-Sensitive – Please Open Immediately," so compliance or objection to same can be directed or raised by Defendants. This is the contact information to be used for all notices to Defendants under this Agreement.

  4.  <u>**Non-Disclosure**</u> ▓▓▓▓▓▓▓<u>**/Non-Disparagement.**</u>



5

a. Plaintiff further personally undertakes, on behalf of himself ▓▓▓ to (a) refrain from falsely defaming or disparaging any of the Defendants, their products, services, finances, financial condition, capabilities or other aspect of their businesses, or any former or existing employees, managers, directors, officers or agents of Martha's Bakery, or (b) acting in a manner that reasonably may be viewed as detrimental to the above-identified persons' and entities' best interests. These undertakings apply in any medium and by any method ▓▓▓.

b. Defendants agree that any inquiries from prospective employers regarding Plaintiff's employment with Defendants shall be directed, in writing, to George Doulias. ▓Martha's Bakery ▓▓▓, ▓ will provide prospective employers with only the following basic employment data: dates of employment, position(s) held; and final salary.

5. **Waiver of Reinstatement/Reemployment.** Plaintiff agrees that he will never knowingly apply for or accept employment with Martha's Bakery, or any of its affiliates, parent companies, subsidiaries, or successors. If Plaintiff is found to be an applicant or employee of any of the above, ▓▓▓ then Martha's Bakery, or the pertinent affiliate, parent company, subsidiary, or successor, at its sole discretion, may deny or terminate such employment pursuant to this Agreement, which shall serve as an absolute affirmative defense to any liability for such act.

6. **Nondisclosure of Confidential Information; Return of Company Property.**

a. Plaintiff agrees and promises not to directly or indirectly disclose or furnish to any organization, entity or person, except as otherwise required by law, any confidential or proprietary information of Releasees with respect to any aspect of their operations or affairs. "Confidential or proprietary information" shall mean information generally unknown to the public to which Plaintiff gained access by reason of his employment with Defendants or his involvement in this litigation, and includes, but is not limited to, information relating to all present or potential customers, vendors, employees, proprietary product design information, financial data, salaries, employment benefits, operational costs, and documents relating to the Action and the allegations contained therein.

b. By executing this agreement, Plaintiff acknowledges that he has destroyed all documents, files, notes, memoranda, e-mails and materials that reflect: (i) any trade secrets of Releasees; (ii) any proprietary information of Releasees; and (iii) any confidential information of Releasees, including information related to the Action and allegations contained therein.

c. By executing this Agreement, Plaintiff also acknowledges that he no longer possesses any of Defendants' property, whether or not such property constitutes or contains confidential or proprietary information or trade secrets.

d. If Plaintiff should subsequently discover that he still has any said information or material, despite having made the above representations, Plaintiff shall return it to Defendants immediately upon its discovery.

6

7. **Non-Admissions.** Plaintiff agrees that Defendants have entered into this Agreement solely for the purpose of avoiding the burdens and expense of protracted litigation. Further, neither this Agreement nor the furnishing of consideration for the release intended, shall be construed as an admission that Defendants or any Releasee has violated any federal, state or local law (statutory or decisional), ordinance or regulation, or that Defendants or any Releasee has committed any wrong against Plaintiff.

8. **Representations and Acknowledgments.** Plaintiff hereby represents and agrees that he has been advised by Defendants of his right to discuss all aspects of this Agreement with an attorney, financial advisor, and/or representative of his choice; that he has so consulted with his attorneys, Lee Litigation Group, PLLC; that he carefully has read all of the provisions of this Agreement; that he has had the opportunity to have his attorneys answer any questions he might have had; that he fully understands all of the provisions of this Agreement; that he has had a reasonable period of time to consider whether or not to enter into this Agreement; and that he is voluntarily and knowingly entering into this Agreement.

9. **Complete Agreement.** This Agreement represents the complete and full settlement of any and all claims of Plaintiff against Defendants or any Releasee and fully supersedes any and all prior agreements or understandings between the parties hereto pertaining to the subject matter hereof. Plaintiff represents and acknowledges that in executing this Agreement, he does not rely upon any representation or statement made by a representative of Defendants with regard to the subject matter, basis or effect of this Agreement other than those contained herein. This Agreement may not be changed in any respect, except by a writing duly executed by the Parties or authorized representatives of the parties.

10. **Capability to Waive Claims.** Plaintiff is competent to effect a knowing and voluntary general and unlimited release of all claims, as contained herein, and to enter into this Agreement and is not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Plaintiff is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle all claims against Defendants or to waive all claims that Plaintiff may have against Defendants. If any lien exists or is asserted relating to any debt of Plaintiff, he immediately shall utilize the settlement pay made hereunder to satisfy that lien.

11. **Remedy For Breach.** Nothing shall limit the right of any of the parties to bring an action to enforce this Agreement. 

12. **No Waiver.** Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall

7

any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

13. **Severability.**

▉▉▉ The provisions of this Agreement shall be deemed separate and severable. Should any provision or portion of the Agreement be held invalid or unenforceable, the affected provision shall be modified to the extent necessary to make it legal, valid and enforceable. If it cannot be so modified, it shall be severed from the Agreement, and the remainder of this Agreement shall remain unaffected and continue in full force and effect, which then shall be interpreted to bar any and all claims Plaintiff may have against Defendants.



14. **Jointly Drafted Agreement.** This Agreement shall be deemed to have been jointly drafted, and no provision herein shall be interpreted or construed for or against any party because such party drafted or requested such provision, or this Agreement as a whole.

15. **Applicable Law and Jurisdiction.** The interpretation and application of the terms of this Agreement shall be governed by the laws of the State of New York, excluding its conflicts of law provisions that would result in the application of the laws of any jurisdiction other than New York.

16. **No Assignment of Claims.** Plaintiff represents and warrants he has not assigned or hypothecated any claims herein released in any manner, to any person or other entity, in any manner, directly or indirectly. Plaintiff and his counsel are not aware of any liens and/or pending legal claims applicable to the settlement sum identified in Section 1. Plaintiff agrees to defend, indemnify and hold harmless Releasees against any lien, claim or action asserted against that settlement sum. Plaintiff also agrees that he will be solely responsible to satisfy any liens or pending legal claims asserted against Plaintiff or Releasees as against that settlement sum.

17. **Counterpart Signature.** This Agreement may be signed in counterparts, provided that each party receives a copy fully signed by the other parties.

18. **Compliance with Older Workers Benefit Protection Act:** Plaintiff, being 40 years of age or older, is advised of and acknowledges the following:

    a.    Twenty-One Day Consideration Period. This Agreement was delivered to Plaintiff's counsel on March 15, 2016. Plaintiff shall have up to twenty-one (21) days to consider and accept the terms of this Agreement by fully executing it below, and returning it to Defendants' counsel. During this twenty-one (21) day period and before signing this Agreement, Plaintiff is encouraged to consult with an attorney regarding the terms and provisions of this Agreement, at his own expense. The

terms and provisions of this Agreement are null and void if not accepted by Plaintiff within the twenty-one (21) day period. Plaintiff may sign the Agreement prior to the conclusion of the twenty-one (21) day period. Plaintiff understands and agrees that any modifications, material or otherwise, made to this Agreement does not restart or affect in any manner the original twenty-one (21) day consideration period referenced herein.

        b.     Right to Rescind or Revoke. Plaintiff shall have seven (7) calendar days from the date he signs this Agreement to revoke the Agreement by notifying Defendants' counsel, Vincent M. Avery, Esq., Gordon & Rees LLP, One Battery Park Plaza, 28th Fl., New York, New York 10004, in writing prior to the expiration of the seven (7) calendar day period (by submitting such written revocation to Defendants' counsel, dated within 7 days after signing, so that it is received by the Defendants' counsel no later than the eighth day after signing). Any revocation within this period must state "I hereby revoke my acceptance of our Agreement." This Agreement shall not become effective or enforceable until the revocation period has expired. If the last day of the revocation period is a Saturday, Sunday, or legal holiday, then the revocation period shall not expire until the next following day that is not a Saturday, Sunday, or legal holiday.

**WHEREFORE**, the parties hereto have read the foregoing Release and Settlement Agreement and accept and agree to the provisions contained herein, and hereby have caused this Release and Settlement Agreement to be made effective as of the date above written.

**THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS AGAINST RELEASEES, AND ALL RELEASEES WHO ARE NOT PARTIES TO THIS AGREEMENT ARE AND SHALL BE THIRD PARTY BENEFICIARIES OF THIS RELEASE AND SETTLEMENT AGREEMENT.**

**FIDEL SANCHEZ LOPEZ**

By: _/s/ Fidel Sanchez Lopez_        Date: 4/8/16
    Fidel Sanchez Lopez

**41-06 BELL BLVD. BAKERY, LLC,**
**d/b/a MARTHA'S COUNTRY BAKERY**

By: _____        Date: _____

Its:

terms and provisions of this Agreement are null and void if not accepted by Plaintiff within the twenty-one (21) day period. Plaintiff may sign the Agreement prior to the conclusion of the twenty-one (21) day period. Plaintiff understands and agrees that any modifications, material or otherwise, made to this Agreement does not restart or affect in any manner the original twenty-one (21) day consideration period referenced herein.

        b.    <u>Right to Rescind or Revoke.</u> Plaintiff shall have seven (7) calendar days from the date he signs this Agreement to revoke the Agreement by notifying Defendants' counsel, Vincent M. Avery, Esq., Gordon & Rees LLP, One Battery Park Plaza, 28th Fl., New York, New York 10004, in writing prior to the expiration of the seven (7) calendar day period (by submitting such written revocation to Defendants' counsel, dated within 7 days after signing, so that it is received by the Defendants' counsel no later than the eighth day after signing). Any revocation within this period must state "I hereby revoke my acceptance of our Agreement." This Agreement shall not become effective or enforceable until the revocation period has expired. If the last day of the revocation period is a Saturday, Sunday, or legal holiday, then the revocation period shall not expire until the next following day that is not a Saturday, Sunday, or legal holiday.

**WHEREFORE**, the parties hereto have read the foregoing Release and Settlement Agreement and accept and agree to the provisions contained herein, and hereby have caused this Release and Settlement Agreement to be made effective as of the date above written.

**THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS AGAINST RELEASEES, AND ALL RELEASEES WHO ARE NOT PARTIES TO THIS AGREEMENT ARE AND SHALL BE THIRD PARTY BENEFICIARIES OF THIS RELEASE AND SETTLEMENT AGREEMENT.**

**FIDEL SANCHEZ LOPEZ**

By: _____    Date: _____
      Fidel Sanchez Lopez

**41-06 BELL BLVD. BAKERY, LLC,
d/b/a MARTHA'S COUNTRY BAKERY**

By: _[signature]_____    Date: 4/4/16

Its:

# Exhibit A

## **AFFIDAVIT**

FIDEL SANCHEZ LOPEZ (the "Undersigned"), being duly sworn, or through and by a duly sworn representative with authority to bind the Undersigned, deposes and says:

1. This affidavit has been submitted to 41-06 BELL BLVD. BAKERY LLC, 70-30 AUSTIN STREET BAKERY INC., G.V.S. BAKERY, INC., GEORGE STERTSIOS, ANTONIO ZANNIKOS and GEORGE DOULIAS(herein collectively referred to as "MARTHA'S BAKERY") in connection with the settlement agreement entered into between MARTHA'S BAKERY and myself.

2. I brought an action in the United States District Court, Eastern District of New York, on or about December 7, 2015. The Docket Number for this action was 15-cv-6953. In this lawsuit, I alleged, among other things set forth in greater detail in the Complaint that I was not paid the proper minimum wage, overtime, and spread of hours premium during my employment for MARTHA'S BAKERY. I also alleged that I was not provided with proper wage notices pursuant to the New York State Labor Law. In that lawsuit I identified all hours that I believed that I was not properly compensated and identified all claims I had against MARTHA'S BAKERY.

3. After consulting with my attorney, I have agreed to the terms of the settlement agreement. In agreeing to the terms of the settlement agreement, I acknowledge and affirm that I have had an opportunity to consult my attorney, review documents related to my case, and discuss with my attorney whether the settlement fairly resolved all claims I had brought against MARTHA'S BAKERY. I believe that the terms of the settlement agreement will properly compensate me for any and all claims I may have against MARTHA'S BAKERY, including but

not limited to, any and all claims I may have for unpaid wages, overtime bonuses, payments, commissions, severance and/or benefits.

4. Accordingly, I hereby affirm and acknowledge that, upon my receipt of the settlement sum, I have been paid and have received all compensation, wages, bonuses, commissions, and benefits to which I am entitled from Defendants; and that no leave, compensation, wages, bonuses, commissions, benefits, liquidated damages or interest are due to me from Defendants beyond that which is encompassed in the settlement sum.

5. I also understand that MARTHA'S BAKERY does not acknowledge that they have paid me improperly, but have agreed to enter into the settlement agreement nonetheless. I understand that since there are legitimate, bona fide disputes between MARTHA'S BAKERY and myself as to whether I am entitled to receive unpaid wages or overtime as alleged, I do not believe it is necessary for the United States District Court, Eastern District of New York, or the United States Department of Labor, or the New York State Department of Labor, or any other federal, state or local government agency or department to supervise or approve this settlement agreement. I therefore choose not to have any of those departments or agencies review and/or approve this settlement agreement.

6. I further understand that by entering into this settlement agreement, the statute of limitations is not tolled with respect to any claims I may possess.

_____
Fidel Sanchez Lopez

Dated: 4/8, 2016

**ACKNOWLEDGMENT**

On this 8th day of April, 2016 before me personally came FIDEL SANCHEZ LOPEZ, and that he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing his name.

2

Sworn to before me
this __8th__ day of __April__, 2016

_____
Notary Public

LYNN HSIEH
Notary Public, State of New York
No. 02HS6331647
Qualified in Queens County
My Commission Expires Oct. 13, 2019

2